IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO

**UNITED STATES OF AMERICA,**

    **Plaintiff,**

    v.                                                     **CR. No. 19-3795 JCH**

**LESTER PADILLA,**

    **Defendants.**

## MEMORANDUM OPINION AND ORDER

This case is before the Court on Defendant's identical, untitled pro se motions [Docs. 44 and 45] filed on February 26 and February 29, 2024, respectively, seeking a reduction in his sentence of incarceration. The Federal Public Defender reviewed the pro se motions and declined to file a motion requesting a sentence reduction on behalf of Defendant. [Doc. 46]. On April 22, 2024, the United States filed a response [Doc. 47]. Defendant has not filed a reply. After reviewing the motion, the response, and the relevant legal authorities, the Court concludes that the Defendant's motions should be denied.

Defendant was convicted of three counts of bank robbery in violation of 18 U.S.C. § 2113(a) and sentenced to a total term of 151 months imprisonment. Doc. 42.

The Government has interpreted Defendant's motions as requesting reduction of sentence in accordance with 18 U.S.C. § 3582(c) and Amendment 821 to the Federal Sentencing Guidelines, and the Court agrees. In his motion, Defendant argues that he is eligible for a reduced sentence under "the new Federal sentencing guidelines put forth April 23, 2023 and ratified November of the same year." The Court concurs that this should be construed to mean Amendment 821 (Part

A). Defendant argues that amendment reduces his sentence because it "reduces or eliminates status points for certain offenders who previously received status points pursuant to USSG § 4A1.1(d)." In response, the Government points out that Defendant did not receive any status points at sentencing, making him ineligible for sentence reduction under 18 U.S.C. § 3582(c)(2).

"A district court does not have inherent authority to modify a previously imposed sentence; it may do so only pursuant to statutory authorization." *See United States v. Mendoza*, 118 F.3d 707, 709 (10th Cir. 1997). Section 3582 allows for a possible sentence reduction for a defendant "who has been sentenced to a term of imprisonment based on a sentencing range that has subsequently been lowered by the Sentencing Commission." *See* 18 U.S.C. § 3582(c)(2). The Sentencing Commission amended the United States Sentencing Guidelines effective November 1, 2023. *See* 88 Fed. Reg. 28254-01, 2023 WL 3199918 (May 3, 2023). Prior to November 1, 2023, the United States Sentencing Guidelines assessed two criminal history points, known as "status points," for an offense committed "while under any criminal justice sentence, including probation, parole, supervised release, imprisonment, work release, or escape status." U.S. Sent'g Guidelines § 4A1.1(d)(pre-amendment).

Beginning November 1, 2023, Amendment 821 to the United States Sentencing Guidelines went into effect. In Part A of Amendment 821, the Sentencing Commission altered the "status points" provision such that a person who has seven or more criminal history points now receives only one additional "status point," instead of two. In addition, a person with six or fewer criminal history points now receives no status points. *See id*. § 4A1.1(e). Under Part B of Amendment 821, § 4C1.1(a) now provides a two-offense-level reduction under certain circumstances for offenders who present with zero criminal history points. The Commission determined that the above changes should apply retroactively. Therefore, Part A of Amendment 821 limits the criminal history impact

of "status points." For Part A to apply, however, a defendant must have received criminal history points for committing the offense whilst serving a criminal justice sentence.

After reviewing the motion, the response, and the record, the Court concludes that Defendant is ineligible for a reduction in his sentence under 18 U.S.C. § 3582(c)(2). Defendant did not receive any status points because he was not under a criminal justice sentence when he committed the offense for which he was convicted in this case. *See* Presentence Report, Doc. 34, at 12-13. Accordingly, he does not qualify for a reduction in sentence under Part A of Amendment 821, and his motion will be denied.

**IT IS THEREFORE ORDERED** that Defendant's untitled pro se motions [Docs. 45 and 46] seeking a reduction in his sentence of incarceration are **DENIED**.

_____
**UNITED STATES DISTRICT JUDGE**